

FILED

2009 SEP -4  PM 4: 02

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  Christopher C. Hoffman, SBN 176334
        choffman@laborlawyers.com
2  Megan C. Winter, Esq., SBN 241429
        mwinter@laborlawyers.com
3  FISHER & PHILLIPS LLP
   4225 Executive Square, Suite 950
4  La Jolla, California 92037
   Telephone   (858) 597-9600
5  Facsimile  (858) 597-9601

6  Attorneys for Defendant
7  TIME WARNER CABLE INC.

8            UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA - CENTRAL DIVISION
10

11  SUSAN J. PEABODY,                     CASE NO. CV09-6485 DDP
                                                            CPLAx
12              Plaintiff,
                                          (Los Angeles County Superior Court
13         vs.                            Case No. BC418972)

14  TIME WARNER CABLE INC.; DOES          NOTICE OF REMOVAL
    1 through 100, inclusive,
15                                        Class Action Fairness Act
                Defendants.
16                                        Action Filed:  July 31, 2009

17

18
                                         FILED BY FAX
19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL TO FEDERAL COURT (NO.)



TO THE CLERK OF THE ABOVE ENTITLED COURT AND PLAINTIFF SUSAN J. PEABODY AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant TIME WARNER CABLE INC. (hereinafter "Defendant") hereby removes the below referenced action from Los Angeles County Superior Court in the State of California to the United States District Court for the Central District of California.  Removal is based on 28 U.S.C. § 1332(d) (the "Class Action Fairness Act"), 1441(b) and 1446 on the following grounds:

## STATEMENT OF JURISDICTION

1.     This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), which was enacted on February 18, 2005. *See 28* U.S.C. § 1332(d).  In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446.  As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## PLEADINGS, PROCESS, AND ORDERS

2.     On or about July 31, 2009, Plaintiff SUSAN J. PEABODY ("Plaintiff") filed a Class Action Complaint in the Los Angeles County Superior Court in the State of California: *Susan J. Peabody v. Time Warner Cable Inc. and Does 1-100, inclusive,* Case No. BC418972 (hereinafter the "Complaint"). According to Plaintiff, she and the members of the proposed putative class are "Account Executives" employed by, or formerly employed by TIME WARNER CABLE INC. ("TWCI" or "Defendant") within the State of California who allegedly were not paid for overtime, were paid less than minimum wage, were not

1

paid for allegedly earned commissions, were not paid all wages earned upon separation from Defendant, and were not provided accurate itemized wage statements.

3.     Plaintiff's Complaint purports to assert five (5) causes of action:  (1) failure to pay earned commissions; (2) failure to pay minimum wage for all hours worked pursuant to Wage Order 7-2001 and Labor Code § 1194(a); (3) failure to pay earned overtime wages pursuant to Labor Code § 510; (4) failure to timely pay wages pursuant to Labor Code §§ 201, 202, 203 and 204; and (5) knowing and intentional failure to comply with itemized employee wage statement provisions under Labor Code § 226.

4.     On August 5, 2009, Plaintiff purported to serve Time Warner Cable Inc. by dropping off copies of the Complaint, Civil Case Cover Sheet, and Civil Case Cover Sheet Addendum with a Human Resources Assistant.  The process server was informed that service should be made on Defendant's registered agent for service of process, CT Corporation.  To date, Plaintiff has not attempted to serve Defendant via its registered agent.  True and correct copies of all of the documents purportedly served by Plaintiff are attached hereto as follows:

     a.  The Complaint is attached hereto as Exhibit "A;"

     b.  The Civil Case Cover Sheet is attached hereto as Exhibit "B;" and

     c.  The Civil Case Cover Sheet Addendum is attached hereto as Exhibit "C."

5.     Attached hereto as Exhibit "D" is a true and correct copy of Notice of Non-Complex Designation served by Plaintiff and attached thereto is an Order from the Los Angeles Superior Court designating the case as non-complex.

6.     Attached hereto and incorporated herein by reference as Exhibit "E" is a true and correct copy of Defendants' Answer to Plaintiff's Complaint, filed on September 3, 2009.

NOTICE OF REMOVAL TO FEDERAL COURT

7.     No further proceedings related thereto have been heard in Los Angeles County Superior Court.

### JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

8.     Section 4 of the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2),[1] as amended, provides in pertinent part as follows:

> The district courts shall have original jurisdiction of any
> civil action in which the matter in controversy exceeds
> the sum or value of $5,000,000, exclusive of interest and
> costs, and is a class action in which ...
>
> (A) any member of a class of plaintiffs is a
> citizen of a State different from any defendant.

9.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d), and one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441(b) and 1446.

### PURPORTED CLASS ACTION UNDER STATE LAW

10.     This action has been styled as a class action pursuant to California Code of Civil Procedure § 382.  Compl. ¶ 6.  California Code of Civil Procedure §382 is a state statute authorizing an action to be brought by one or more representative persons as a class action under certain circumstances.

### CITIZENSHIP

11.     Plaintiff admits she is a resident of the State of California and was employed by Defendant in the State of California at all times relevant hereto. Compl. ¶ 1.  Plaintiff is therefore a citizen of the State of California.  *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled).

12.     Plaintiff seeks to represent current and former account executive employees of Defendant who "are not classified as 'Exempt'" in the State of

---

[1] While there are a number of exceptions to this new rule of original jurisdiction contained in amended 28 U.S.C. § 1332(d)(3)-(5), none of these exceptions are applicable to the instant action.

3

California who allegedly were not paid for overtime, were paid less than minimum wage, were not paid for allegedly earned commissions, were not paid all wages earned upon separation from Defendant, and were not provided accurate itemized wage statements.  Compl., generally.

13.     TWCI was at the time of the filing of this action and remains a citizen of the States of Delaware and New York, in that it was and continues to be a corporation incorporated under the laws of the State of Delaware with its principal place of business in New York.  Declaration of Riina Tohvert ¶ 4; *see also* 28 U.S.C. §§1332(a)(1), (c)(1), 1441(b).

14.     Defendants Does 1 through 100, inclusive, are fictitious.  The Complaint does not set forth the identity or status of any fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants.  Pursuant to Section 1441, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action.  28 U.S.C. § 1441(a); *see also Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998).

15.     Plaintiff, who is a member of the proposed putative class of plaintiffs, was employed by TWCI and resides in the State of California.  Compl. ¶ 1.  The Complaint alleges that the potential class consists of current and former "Account Executives" in the State of California who allegedly were not paid for overtime, were paid less than minimum wage, were not paid for allegedly earned commissions, were not paid all wages earned upon separation from Defendant, and were not provided accurate itemized wage statements.  Compl., generally.

16.     Accordingly, Plaintiff is a citizen of a state different from TWCI.

## **AMOUNT IN CONTROVERSY**

17.     Plaintiff's Complaint is silent as to the total amount in controversy.  The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff, however, does not deprive this Court of

jurisdiction. *See Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *White v. J. C. Penney Life Ins. Co.,* 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim."). Defendant need only establish by *a preponderance of evidence* that the claims exceed the jurisdictional minimum. *Singer v. State Farm Mutual Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997); *Saulic,* 2007 WL 5074883, *5, 7.

18.   Notwithstanding Plaintiff's failure to allege the total amount of monetary relief claimed, CAFA authorizes the removal of class actions in which, among other factors mentioned above, the aggregated amount in controversy for all potential class members exceeds five million dollars ($5,000,000). *See 28* U.S.C. §1332(d); *Muniz v. Pilot Travel Centers LLC,* No. CIV 5-07-0325 FCD EFB, 2007 WL 1302504, *1 (E.D. Cal. May 1, 2007) (finding removal of action substantially similar to the instant action proper under CAFA). While Defendant denies Plaintiff's claims of wrongdoing and denies her requests for relief thereon, the facial allegations in Plaintiff's Complaint and the total amount of wages, penalties, attorneys' fees, injunctive relief and other monetary relief at issue in this action is in excess of this Court's jurisdictional minimum. *Saulic,* 2007 WL 5074883, *7-9 (considering facts presented in the notice of removal, including defendant's declarations, along with plaintiff's allegations in finding jurisdictional limits satisfied under CAFA); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) (same). The amount in controversy based on Plaintiff's allegations, which Defendant denies, can be calculated as follows:

(a)   Plaintiff asserts claims for herself and the putative class for (1) failure to pay earned commissions; (2) failure to pay minimum wage for all hours worked pursuant to Wage Order 7-2001 and Labor Code § 1194(a); (3)

5

1  failure to pay earned overtime wages pursuant to Labor Code § 510; (4)

2  failure to timely pay wages pursuant to Labor Code §§ 201, 202, 203 and

3  204; and (5) knowing and intentional failure to comply with itemized

4  employee wage statement provisions under Labor Code § 226.  Compl.

5  ¶¶28-51.

6  (b)  The relevant time period covering the claims at issue in this case is the

7  four-year period immediately preceding the purported service of the

8  state court action on August 5, 2009.  Accordingly, the purported class

9  period runs from approximately August 5, 2005, to the present.

10  (c)  Plaintiff alleges entitlement to recompense for overtime wages

11  allegedly worked by Plaintiff and the putative class members for which

12  they were not paid.  Compl. ¶¶ 37-42.  Plaintiff alleges that she and the

13  putative class members worked in excess of 50 hours per week but did

14  not receive overtime compensation for the time worked.  Compl. ¶ 26b.

15  Defendant denies this claim and has raised various defenses thereto.

16  Defs.' Answer.  Nevertheless, assuming *arguendo* this occurred, the

17  amount in controversy were Plaintiff to prevail on this claim is

18  $4,686,965.49.  Declaration of Christopher C. Hoffman ("Hoffman

19  Decl.") ¶ 3(a).

20  (d)  Plaintiff alleges entitlement to waiting time penalties under California

21  Labor Code § 203 for members of the putative terminated subclass.

22  Compl. ¶¶ 43-47.  Labor Code § 203 provides that wages continue at

23  an employee's daily rate of pay until the final wages are paid, or an

24  action to recover them is commenced, up to a maximum of 30 days.

25  Defendant denies this claim and has raised various defenses thereto.

26  Defs.' Answer.  However, if members of the putative subclass were to

27  prevail on any one of their claims and are owed wages under Section

28

NOTICE OF REMOVAL TO FEDERAL COURT

203, the amount in controversy were Plaintiff to prevail on this claim is at least $567,222.00.  Hoffman Decl. ¶ 3(b).

(e)     Plaintiff alleges entitlement to penalties for violations of California Labor Code § 226(e) pertaining to Defendant's alleged failure to provide correct and accurate itemized wage statements.  Compl. ¶¶ 48-51.  The Labor Code provides for a maximum penalty of $4,000 per employee.  Defendant denies this claim and has raised various defenses thereto.  Defs.' Answer.  However, assuming this occurred during the one year prior to this lawsuit being served for each putative class member (including those terminated and currently employed), the amount in controversy were Plaintiff to prevail on this claim is at least $348,959.00.  Hoffman Decl. ¶ 3(c).

(f)     Based on the amounts in controversy for overtime wages allegedly due and owing [at least $4,686,965,49]; for the claim for waiting time penalties under Labor Code § 203 [at least $567,222.00]; and for the penalties for alleged violation of Labor Code § 226(e) [at least $348,950.00], the amount in controversy is at least $5,603,137.49, which is over the jurisdictional amount required for removal.  Indeed, the actual amount in controversy for this claim is greater than the amount set out in this Notice of Removal because the foregoing calculation does not account for any amounts for Plaintiff's claims for failure to pay earned commissions and failure to pay minimum wage.  Compl. ¶¶ 28-36.

(g)     Plaintiff also seeks reasonable attorneys' fees in her Complaint.  Compl. ¶ 24, Prayer ¶ 7.  It is well settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages as well as attorneys' fees. *See, e.g., Galt G/S v. JSS Scandinavia,* 142 F.3d 1150,

7

1155-1156 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts). In California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fee award to be twenty-five to thirty percent of the settlement -- thus, in excess of $1.4 million in this action.[2]

(h)     Based on the foregoing, under CAFA, Plaintiff's claims for damages, penalties, and attorneys' fees far exceed the $5 million jurisdictional limit of this Court, as required by 28 U.S.C. § 1332(d).

19.     The preponderance of the evidence is that the amount sought by the facial allegations of Plaintiff's Complaint is greater than the jurisdictional amount of $5 million required by CAFA.

20.     As a result, although Defendant denies Plaintiff's claims of wrongdoing and denies her requests for relief thereon, based upon the facial allegations in Plaintiff's Complaint and assuming *arguendo* Plaintiff were able to prove these allegations, the total amount of monetary relief sought by Plaintiff and the proposed putative class members is in excess of $5 million, exclusive of interest and costs, plus attorneys' fees. Therefore, removal of this action is appropriate.

## TIMELINESS OF REMOVAL

21.     This Notice of Removal is timely in that it has been filed within thirty (30) days of Defendants' first notice of the Complaint on August 5, 2009.

22.     CAFA applies to actions that were "commenced" on or after February 18, 2005. Because this action was filed on July 31, 2009, it was "commenced" after February 18, 2005, as required by CAFA.

23.     Therefore, removal is proper under CAFA.

---

[2] *See Abasi v. HCA, the Healthcare Co. Inc.,* C.D. Cal. No. CV 03-7606 (May 9, 2005) (approving $4.75 million settlement for claims of unpaid overtime, meal and rest break periods; attorneys' fee award totaling over $1.2 million).

8

## **NOTICE PROVIDED TO STATE COURT AND ADVERSE PARTY**

24.     Pursuant to 28 U.S.C. §1446(d), Defendant served written notice of removal to Plaintiff and has filed a copy of that notice with the clerk of the Superior Court of California, County of Los Angeles, from which this case was removed. Defendant also filed a separate Notice to the Superior Court of California, County of Los Angeles, of the removal. A complete copy of this Notice of Removal was attached to each of the notices filed with the Los Angeles Superior Court.  A copy of Defendant's Notice of Removal to Federal Court is attached as Exhibit "F" and a copy of Defendant's Notice to Adverse Party of Removal to Federal Court is attached as Exhibit "G."

25.     WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the Los Angeles County Superior Court.

FISHER & PHILLIPS LLP

DATED:  September 4, 2009          By: _____
                                                              CHRISTOPHER C. HOFFMAN
                                                              MEGAN M. WINTER
                                                              Attorney for Defendant

NOTICE OF REMOVAL TO FEDERAL COURT

**EXHIBIT A**

● ORIGINAL ● FILED

LOS ANGELES SUPERIOR COUR

VAN VLECK TURNER & ZALLER LLP
  Brian F. Van Vleck, State Bar No. 155250
  Daniel J. Turner, State Bar No. 207654
555 West Fifth Street
31st Floor
Los Angeles, California 90013
Telephone: (213) 996-8445
Facsimile: (213) 996-8378

Attorneys for Named Plaintiff
SUSAN J. PEABODY

JUL 31 2009

JOHN A CLARKE, CLERK

BY MARY GARCIA, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

BC 418972

SUSAN J. PEABODY,

    Plaintiff,

    vs.

TIME WARNER CABLE, INC.; DOES 1
through 100, inclusive,

    Defendants.

CASE NO:

**CLASS ACTION**

COMPLAINT FOR:

(1) FAILURE TO PAY EARNED COMMISSIONS;

(2) FAILURE TO PAY MINIMUM WAGE;

(3) FAILURE TO PAY EARNED OVERTIME;

(4) PENALTIES FOR LATE PAYMENT OF WAGES;

(5) PENALTIES FOR ISSUANCE DEFECTIVE WAGE STATEMENTS.

CLASS ACTION COMPLAINT

VAN VLECK
TURNER & ZALLER, LLP

1   Named Plaintiff, Susan J. Peabody, files this Complaint against Time Warner Cable, Inc.

2   and DOES 1-100, (collectively, "TW Cable"). Plaintiff is informed, believes and alleges as

3   follows:

4

5                              **THE PARTIES**

6          1.    Named Plaintiff, Susan J. Peabody ("Plaintiff" or "Peabody"), is a former employee

7   of TW Cable, who has resided in California at all times relevant hereto.

8          2.    TW Cable is engaged in the business of selling cable service and advertising time.

9   At all times relevant hereto, TW Cable's principal place of business within the State of California

10  has been located in the County of Los Angeles.

11         3.    At all times mentioned herein, each Defendant was acting in an individual,

12  corporate, affiliate, employer, employee, supervisor, agency, associate aider and abetter and/or alter

13  ego of each remaining Defendant, and were acting with permission and consent of each other, and

14  within the course and scope of said agency and/or employment.

15         4.    Does 1 through 100, inclusive, are sued as fictitious names since their true names

16  and capacities are unknown to Plaintiff. When their true names and capacities are ascertained,

17  Plaintiff will amend the Complaint to state the same. On information and belief, some of the

18  fictitiously named Defendants are officers, directors, employees and/or agents of TW Cable.

19

20                       **JURISDICTION AND VENUE**

21         5.    Jurisdiction is proper in this Court by virtue of California statutes, decisional law,

22  regulations. Venue in this Court is proper in that TW Cable' principal place of business within the

23  state of California is located in Los Angeles County, California.

24  ///

25  ///

26  ///

27  ///

28  ///

                                1                          CLASS ACTION COMPLAINT

## CLASS ALLEGATIONS

6.     This action is being brought on behalf of Plaintiff and all others similarly situated (collectively, "Plaintiffs" or "the Class"), as a class action pursuant to California Code of Civil Procedure section 382.

7.     Plaintiff thus seeks to represent all similarly situated TW Cable employees who were employed during the applicable statute of limitations and who were subjected to the illegal conduct alleged herein. Plaintiff reserves her right under Rule 3.765 of the California Rules of Court to amend or modify the Class description with greater specificity or by further division into subclasses or limitation to particular issues.

8.     Plaintiff is a member of the Class she seeks to represent and is the proposed representative of the Class in the present litigation.

9.     While the exact number of members of the Class is unknown to Plaintiff at this time and can only be determined by appropriate discovery, membership in the class is readily ascertainable from the records TW Cable is required to keep by law. Plaintiff is informed and believes that the Class includes several hundred current and former Account Executives and is sufficiently numerous that individual joinder of all members is impractical and the resolution of the claims alleged through the class action procedure will be beneficial to the parties and the court.

10.     Plaintiff will fairly and adequately represent the interests of the Class which she proposes to represent. Plaintiff is an adequate representative as she has no interests which are adverse to the interests of the Class. Plaintiff is committed to the vigorous prosecution of this action and, to that end, has retained counsel who are competent and experienced in handling employment-related class action litigation.

11.     The claims of Plaintiff are typical of the claims of the other members of the Class because Plaintiffs and each member of the Class have been subjected to the same systemic violations of their statutory rights and, as a result, have been denied the same types of wages and benefits required by law.

///

///

2                    CLASS ACTION COMPLAINT

12.    Common questions of law and fact exist as to the claims of the members of the Class. Such common questions predominate over the questions, if any, which affect only individual members. Such common questions include, but are not limited to:

    a.    Whether Defendant followed a policy of making unilateral and retroactive deductions from the amounts of commissions previously earned by Account Executives during their employment.

    b.    Whether Defendant followed a consistent policy of failing to pay overtime earned by Account Executives during pay periods in which their earnings did not exceed the minimum threshold necessary to be eligible for any recognized overtime exemption.

    c.    Whether Defendant has followed a consistent policy of failing to pay minimum wage for all hours worked by Account Executives.

    d.    Whether Defendant followed a policy of refusing to timely pay earned commissions to Account Executives following termination of their employment.

13.    A class action is superior to other available methods of adjudicating the claims asserted in this action for reasons including, but not limited to:

    a.    The expense and burden of individual litigation make it economically unfeasible for each member of the Class to seek a separate, individual remedy;

    a.    If separate lawsuits were brought individually by each member of the class it would cause undue hardship and expense to the Court and litigants by necessitating multiple trials of similar factual and legal issues;

    b.    The prosecution of separate individual actions would create the risk of inconsistent adjudications of similar factual and legal issues; and

    c.    Absent a class action, there would be a failure of justice, as TW Cable would retain the benefit of their illegal conduct and wrongdoing.

14.    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Class as a whole and necessitating that any other such relief be extended to the Class on a mandatory, class wide basis.

3

Van Vleck
Turner & Zaller, LLP

1     15.    Plaintiff is aware of no difficulty which will be encountered in the management of

2     this litigation which should preclude its maintenance as a class action.

3     16.    The names and addresses of many, if not all, of the members of the Class are

4     available from Defendant's own records. Notice can be provided to members of the Class via first

5     class mail or otherwise using techniques and a form of notice similar to those customarily used in

6     employment class actions under California law.

7     17.    In the alternative, or in addition to, a certified class action pursuant to Code of Civil

8     Procedure section 382, Plaintiff is bringing a representative action on behalf of similarly situated

9     employees pursuant to bring an action for recovery of penalties authorized by the California Private

10    Attorney Generals Act, Labor Code section 2698 et seq. ("PAGA"). Plaintiff has initiated all

11    administrative prerequisites to maintaining an action for penalties under PAGA.

12

13                              **GENERAL ALLEGATIONS**

14    18.    Pursuant to California law, all non-exempt employees are entitled to be

15    compensated for each hour (or portion thereof) during which they are either subject to the

16    employer's control or during which they are suffered or permitted to work. All such compensable

17    time must be paid at the legally applicable rate, generally the higher of the applicable minimum

18    wage, the applicable hourly rate specified by the parties express or implied wage agreement, or the

19    applicable overtime rate determined by law.

20    19.    Pursuant to California Public Policy and the provisions of Labor Code Sections

21    206.5, 219(a), and 1194(a) no purported agreement to work without compensation or at a rate

22    below the lawfully proscribed amount may be legally enforceable and any such purported express

23    or implied agreement is "null and void."

24    20.    Pursuant to California Labor Code sections 226 and 1174, and Wage Order 7-2001

25    section 7, Defendant TW Cable is required to keep accurate, itemized records of all hours worked

26    and all compensation earned by Plaintiffs and similarly situated employees.

27    21.    Pursuant to California Public Policy and Labor Code sections 200, 204, and 201-

28    203, 221-223, and 1194 it is the fundamental right of Plaintiffs and all similarly situated employees

4

CLASS ACTION COMPLAINT

1  to receive timely payment of all compensation due for all compensable hours worked.  Such

2  compensation becomes the vested property of the employee immediately upon performing the

3  services or others conditions precedent.

4      22.   Notwithstanding these provisions of law, TW Cable has systematically and willfully

5  refused to pay the earned compensation earned by Plaintiff and the Class and has instead retained

6  these wages for its own benefit.  Pursuant to the California Unfair Competition Law, Business and

7  Professions Code section 17200 et. seq. (the "UCL"), this conduct constitutes an unfair business

8  practice entitling Plaintiff and the Class to obtain restitution of all unpaid amounts as well as all

9  appropriate equitable relief available under the UCL.

10      23.   Pursuant to the Labor Code Private Attorney General Act of 2004 ("PAGA"), this

11  conduct authorizes Plaintiff and the Class to obtain the penalties authorized by that statute.

12      24.   Plaintiff and the Class are further entitled to payment of applicable liquidated

13  damages, interest, penalties, attorney fees and costs, and such other penalties and legal and

14  equitable remedies as are provided by law for Defendant's improper conduct.

15      25.   Plaintiff was employed by TW Cable as an Account Executive, who was paid

16  according to the same compensation plan applied to all other Account Executives who worked in

17  the state of California.

18      26.   During Plaintiff's employment with TW Cable, she was subjected to TW Cable's

19  common corporate policies of non-compliance with California labor laws concerning payment of

20  wages.  For example:

21      a.   In 2009 Plaintiff booked sales and earned commission at the commission rate

22         initially promised to her and the entire class by TW Cable.  In approximately March

23         2009, however, TW Cable unilaterally and retroactively reduced the applicable

24         commission rate for the entire Class from 18.58% to 9.6%.  As a result, TW Cable

25         required Plaintiff to forfeit over $8,000 from her previously earned commissions.

26      b.   In 2009 Plaintiff and the other members of the Class were paid an hourly rate of

27         approximately $9.61.  However, they were only paid for forty hours per week and

28         hours in excess of forty per week were not compensated at all.  With Defendant's

CLASS ACTION COMPLAINT

Van Vleck
Turner & Zaller, LLP

full knowledge and encouragement, Plaintiff and the other members of the class routinely worked more than fifty hours or more per week. Thus, Plaintiff and the Class members were not paid for all hours worked as required by California law and were frequently paid less than the applicable minimum wage of $8.00 per hour.

c. Plaintiff and the Class were also never paid premium overtime pay for their hours of work over eight hours in day or 40 hours in a week, as required by Labor Code section 510 and the applicable Wage Order.

d. Plaintiff and the Class were not paid all earned commissions on a biweekly basis as required by Labor Code section 204. Instead, it was TW Cable's policy to delay payment of commissions for at least 30 days after the wages were earned by the employee.

e. Plaintiff and the class were also issued defective wages statements which failed to comply with the requirements of Labor Code section 226(a). Among other defects, the wage statements failed to list the "total hours worked by the employee" or "the name and address of the legal entity that is the employer."

27. Plaintiff has provided notice of TW Cable's Labor Code violations to the Labor Workforce Development Agency, which has declined to initiate an investigation or public prosecution. Plaintiff has thus complied with the exhaustion procedures of Labor Code section 2699.3.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY EARNED COMMISSIONS
### (By Plaintiff and the Class against Defendants)

28. Plaintiff hereby incorporates by reference and re-alleges each and every allegation contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

29. California law, including Labor Code sections 221, 223, 300, 400-407, 450, and 2802, collectively require that all earned wages must be timely paid in full, free and clear of any employer deductions.

6

CLASS ACTION COMPLAINT

30.    Notwithstanding these provisions, TW Cable made unlawful deductions and required the forfeiture of previously earned commission payments.  TW Cable made these deductions and forfeitures by *inter alia*, retroactively and unilaterally changing the commission formula, thereby reducing the amount of previously earned and vested commissions which it would pay to employees.  TW Cable would also routinely require forfeiture of commissions earned by class members in the event that their employment was terminated, notwithstanding that they had performed all of the work and satisfied all legitimate conditions precedent to earning a full commission.

31.    As a result of this conduct, Plaintiff and the Class have been damaged in an amount according to proof and are entitled to restitution of all earned but unpaid commission wages under the California Unfair Competition Law ("UCL"), as well as appropriate injunctive and declaratory relief, and such penalties or other remedies as are authorized by law for the non-payment of commission wages including under the Labor Code, including sections 203, 210, 225.5, 558, 2699(a), and 2699(f).

## SECOND CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS WORKED

### (By Plaintiff and the Class against Defendants)

32.    Plaintiff hereby incorporates by reference and re-alleges each and every allegation contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

33.    California law requires the payment of a minimum hourly wage (currently $8.00) for each hour worked by an employee.  Pursuant to Section 2(K) of Wage Order 7-2001 such compensable "hours worked" are defined to include all "time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

34.    During their employment by Defendants, Plaintiffs routinely worked long periods of time with no additional compensation for their hours worked.  Pursuant to Labor Code section

7

1    1194(a), Plaintiffs are thus entitled to recover "the unpaid balance of the full amount of this

2    minimum wage . . . including interest thereon, reasonable attorney fees, and costs of suit."

3        35.    Plaintiffs are also entitled to restitution of all earned but unpaid minimum wages

4    under the California Unfair Competition Law ("UCL"), as well as liquidated damages under Labor

5    Code Section 1194.2(a).

6        36.    Plaintiffs further seek all appropriate injunctive and declaratory relief as well as

7    such penalties or other remedies as are authorized by law for the non-payment of wages during

8    their employment, including under Labor Code sections 203, 210, 225.5, 226(e), 226.3, 2699(a),

9    and 2699(f).

10

11                            **THIRD CAUSE OF ACTION**

12                    **FAILURE TO PAY EARNED OVERTIME WAGES**

13                    **(By Plaintiff and the Class against Defendants)**

14       37.    Plaintiff hereby incorporates by reference and re-alleges each and every allegation

15    contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

16       38.    Plaintiffs hereby incorporate by reference and re-alleges each and every allegation

17    contained in the preceding paragraphs of this Complaint as if fully set forth herein.

18       39.    Pursuant to California Labor Code Section 510(a), "Eight hours of labor constitute

19    a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40

20    hours in any one workweek and the first eight hours worked on the seventh day of work in any one

21    workweek shall be compensated at the rate of no less than one and one-half times the regular rate

22    of pay for an employee."

23       40.    During their employment by Defendants, Plaintiffs routinely worked overtime hours

24    without receiving premium overtime compensation.  Pursuant to Labor Code section 1194(a),

25    Plaintiffs are thus entitled to "the unpaid balance of the full amount of this . . . overtime

26    compensation including interest thereon, reasonable attorney fees, and costs of suit."

27       41.    Plaintiffs are also entitled to restitution of all earned but unpaid overtime wages

28    under the California Unfair Competition Law ("UCL").

                                                                    CLASS ACTION COMPLAINT

                                          8

1    42.    Plaintiffs further seek all appropriate injunctive and declaratory relief as well as

2  such penalties or other remedies as are authorized by law for the non-payment of overtime wages

3  during their employment.

4

5                          **FOURTH CAUSE OF ACTION**

6          **STATUTORY PENALTIES FOR UNTIMELY PAYMENT OF WAGES**

7                    **(By Plaintiff and the Class against all Defendants)**

8    43.    Plaintiff hereby incorporates by reference and re-alleges each and every allegation

9  contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

10   44.    Labor Code section 204 requires that earned wages "are due and payable twice

11 during each calendar month" and must be distributed at regular scheduled paydays.

12   45.    Labor Code section 200 provides that commissions constitute earned wages. Labor

13 Code sections 201-203 further require that all earned wages are dues and payable "immediately"

14 upon termination of employment, except upon resignation with less than 72 hours notice, in which

15 case all wages are due within 72 hours of resignation.

16   46.    Notwithstanding these provisions of law, TW Cable's policy was to delay the

17 payment of earned commission wages until 30 days or more after the wages had been earned. Even

18 where an employee's employment had been terminated, TW Cable did not accelerate the payment

19 of such earned wages as required by Labor Code 201 and 202.

20   47.    As result, TW Cable has consistently violated the provisions of Labor Code sections

21 200-204 as to Plaintiff and the Class, who are thereby entitled to seek recovery of all authorized

22 penalties, including penalties under Labor Code sections 203, and Labor Code sections 2699(a) and

23 2699(f), as well as such other penalties or other legal and equitable remedies as are provided by law

24 to redress TW Cable's improper conduct.

25 ///

26 ///

27 ///

28 ///

                                    9

## FOURTH CAUSE OF ACTION

### STATUTORY PENALTIES FOR ISSUANCE OF DEFECTIVE PAY STATEMENTS

### (By Plaintiff and the Class against all Defendants)

48.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

49.     Labor Code section 226(a) requires TW Cable to provide "an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee. . . and the last four digits of his or her social security number or an employee identification number other than a social security number . . ., (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

50.     Plaintiff and the class, however, were issued defective wages statements which failed to comply with the requirements of Labor Code section 226(a).  Among other defects, the wage statements failed to list the "total hours worked by the employee" or "the name and address of the legal entity that is the employer."

51.     As result, Plaintiff and the Class are thereby entitled to seek recovery of all authorized penalties, including penalties under Labor Code sections 226(e) and Labor Code sections 2699(a) and 2699(f), as well as such other penalties and legal and equitable remedies as are provided by law to redress TW Cable's improper conduct.

///
///
///

10

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. For compensatory damages, in an amount according to proof;

2. For all liquidated damages and statutory penalties authorized by law.

3. For restitution of all wrongfully withheld amounts and disgorgement of all ill-gotten profits, in an amount according to proof;

4. For a declaration that Defendant has engaged in unfair competition in violation of the California Unfair Competition Law, Business and Professions Code section 17200 *et seq.*

5. For preliminary and permanent injunctive relief requiring Defendant to cease and desist from further unfair competition and violations of law and to make restitution to those injured by its prior course of illegal wrongful conduct.

6. For prejudgment interest on all amounts owed;

7. For attorney fees and costs pursuant to all applicable provisions of law;

8. For such other and further relief the court deems just and proper.

Dated: July 30, 2009

VAN VLECK TURNER & ZALLER, LLP
Brian Van Vleck
Daniel J. Turner

By: _____
        Brian F. Van Vleck
Attorneys for Named Plaintiff
SUSAN J. PEABODY and the Putative Class

11

CLASS ACTION COMPLAINT

**EXHIBIT B**

# ORIGINAL

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address)*:
Brian F. Van Vleck (SBN 155250)
Van Vleck Turner & Zaller LLP
555 W. 5th Street, 31st Floor
Los Angeles, CA 90012
TELEPHONE NO.: (213) 996-8445      FAX NO.: (213) 996-8378
**ATTORNEY FOR** *(Name)*: Plaintiff Susan J. Peabody

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: Peabody v. Time Warner Cable, Inc.

**FILED**
**LOS ANGELES SUPERIOR COURT**

JUL 31 2009

JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 418972 |
|---|---|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☒ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

**2. This case** ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. ☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
**4.** Number of causes of action *(specify)*: Five (5): failure to pay commissions; minimum wage; overtime; late payment of wages; defective wage statements.
**5.** This case ☒ is ☐ is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 30, 2009
Brian F. Van Vleck
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36) Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (not eminent domain, landlord/tenant, or foreclosure)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (non-domestic relations)
Sister State Judgment
Administrative Agency Award (not unpaid taxes)
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
Declaratory Relief Only
Injunctive Relief Only (non-harassment)
Mechanics Lien
Other Commercial Complaint Case (non-tort/non-complex)
Other Civil Complaint (non-tort/non-complex)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**EXHIBIT C**

● ORIGINAL ●

| SHORT TITLE: Peabody v. Time Warner Cable, Inc. | CASE NUMBER BC 418972 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES    CLASS ACTION? ☒ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL __5__ ☐ HOURS/ ☒ DAYS.

Item II. Select the correct district and courthouse location (4 steps - If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|
| 1. Class Actions must be filed in the County Courthouse, Central District. |
| 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage). |
| 3. Location where cause of action arose. |
| 4. Location where bodily injury, death or damage occurred. |
| 5. Location where performance required or defendant resides. |
| 6. Location of property or permanently garaged vehicle. |
| 7. Location where petitioner resides. |
| 8. Location wherein defendant/respondent functions wholly. |
| 9. Location where one or more of the parties reside. |
| 10. Location of Labor Commissioner's Office. |

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100    Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110    Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070    Asbestos Property Damage | 2. |
| | | ☐ A7221    Asbestos- Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260    Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210    Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240    Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250    Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230    Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270    Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220    Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029    Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005    Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010    Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013    Fraud (no contract) | 1., 2., 3. |

CIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: Peabody v. Time Warner Cable, Inc | | CASE NUMBER |
|---|---|---|

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional<br>Negligence<br>(25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination<br>(36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment<br>(15) | ☒ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections<br>(09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6<br>2., 5. |
| Insurance Coverage<br>(18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract<br>(37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 3. |
| Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels _____ | 2. |
| Wrongful Eviction<br>(33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property<br>(26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-<br>Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration<br>(11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Non-Personal Injury/Property Damage/
Wrongful Death Tort (Cont'd.)

Employment

Contract

Real Property

Judicial Review   Unlawful Detainer

CIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

American Legalnet, Inc.
www.FormsWorkflow.com

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: Peabody v. Time Warner Cable, Inc | CASE NUMBER | |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ – Administrative Mandamus<br>☐ A6152   Writ –Mandamus on Limited Court Case Matter<br>☐ A6153   Writ – Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

CIV 109 (Rev. 01/07)<br>LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION**

LASC, rule 2.0<br>Page 3 of 4

American LegalNet, Inc.<br>www.FormsWorld.com

| SHORT TITLE: Peabody v. Time Warner Cable, Inc | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: 6430 Sunset Blvd. |
|---|---|
| ☒ 1. ☐ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. | |
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90028 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____Stanley Mosk_____ courthouse in the _____Central_____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: July 30, 2009

(SIGNATURE OF ATTORNEY/FILING PARTY)

Brian F. Van Vleck
Attorney for Plaintiff, Susan J. Peabody

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**EXHIBIT D**



VAN VLECK TURNER & ZALLER LLP
   Brian F. Van Vleck, State Bar No. 155250
   Daniel J. Turner, State Bar No. 207654
555 West Fifth Street
31st Floor
Los Angeles, California 90013
Telephone:  (213) 996-8445
Facsimile:  (213) 996-8378

Attorneys for Named Plaintiff
SUSAN J. PEABODY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| SUSAN J. PEABODY,<br><br>       Plaintiff,<br><br>  vs.<br><br>TIME WARNER CABLE, INC.; DOES 1 through 100, inclusive,<br><br>       Defendants. | CASE NO: BC418972<br><br>[Assigned for All Purposes to the Honorable Mary Ann Murphy, Department 25]<br><br>**CLASS ACTION**<br><br>NOTICE OF NON-COMPLEX DESIGNATION<br><br>Action Filed on:  July 31, 2009<br>Trial Date:  None Set |

NOTICE OF NON-COMPLEX DESIGNATION

1    TO DEFENDANT TIME WARNER CABLE, INC. AND ITS ATTORNEYS OF

2  RECORD:

3        PLEASE TAKE NOTICE that the Court has issued its Order deeming the above-entitled

4  action, non-complex.  A true and correct copy of the Court's Minute Order is attached hereto as

5  Exhibit A.

6

7  Dated:  August 19, 2009              VAN VLECK TURNER & ZALLER, LLP
                                        Brian Van Vleck
8                                       Daniel J. Turner

9

10                                      By: _____
11                                            Brian F. Van Vleck
                                        Attorneys for Named Plaintiff
12                                      SUSAN J. PEABODY and the Putative Class

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                       1        NOTICE OF NON-COMPLEX DESIGNATION

**EXHIBIT A**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 08/13/09 | | DEPT. 311 |
| HONORABLE CARL J. WEST | JUDGE | E. SABALBURO   DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE   Reporter |

| | | |
|---|---|---|
| 8:30 am | BC418972 | Plaintiff Counsel |
| | SUSAN J PEABODY | NO APPEARANCES |
| | VS | |
| | TIME WARNER CABLE INC | Defendant Counsel |
| | NON-COMPLEX (08-13-09) | |

NATURE OF PROCEEDINGS:


COURT ORDER

This Court makes its determination whether or not this
case should be deemed complex pursuant to Rule 3.400
of the California Rules of Court.

This case is designated non-complex and is reassigned
to Judge Mary Ann Murphy in Department 25 at
Stanley Mosk Courthouse for all further proceedings.

Plaintiff is ordered to serve a copy of this minute
order on all parties forthwith and file a proof of
service in Department 25 within five (5) days of
service.

Any party objecting to the non-complex designation
must file an objection and proof of service in
Department 311 within ten (10) days of service of this
minute order. Any response to the objection must be
filed in Department 311 within seven (7) days of
service of the objection. This Court will make its
ruling on the submitted pleadings.


            CLERK'S CERTIFICATE OF MAILING/
              NOTICE OF ENTRY OF ORDER


            Page  1 of  2     DEPT. 311

MINUTES ENTERED
08/13/09
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 08/13/09          DEPT. 311

HONORABLE CARL J. WEST    JUDGE   E. SABALBURO     DEPUTY CLERK

HONORABLE             JUDGE PRO TEM            ELECTRONIC RECORDING MONITOR

      NONE          Deputy Sheriff   NONE             Reporter

8:30 am   BC418972

SUSAN J PEABODY
VS
TIME WARNER CABLE INC

NON-COMPLEX (08-13-09)

Plaintiff
Counsel      NO APPEARANCES

Defendant
Counsel

---

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
08-14-09 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 08-14-09

John A. Clarke, Executive Officer/Clerk

By:    **KIN HILAIRE**
        K. HILAIRE

VAN VLECK, TURNER & ZALLER, LLP
Brian F. Van Vleck, Esq.
555 West Fifth Street, 31st Floor
Los Angeles, California  90013

Page   2 of   2    DEPT. 311

> MINUTES ENTERED
> 08/13/09
> COUNTY CLERK

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 555 West Fifth Street, 31ˢᵗ Floor, Los Angeles, California 90013. On August 19, 2009, I served upon the interested party(ies) in this action the following document described as:

Deborah Picciolo
Time Warner Cable, Inc.
9260 Topanga Canyon Blvd.
Chatsworth, CA 91311

By the following methods:

[X] **[BY MAIL]** By placing such envelope(s) with postage thereon fully prepaid into Van Vleck Turner & Zaller, LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Van Vleck Turner & Zaller, LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Van Vleck Turner & Zaller, LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service in Los Angeles, California.

[ ] **[BY FACSIMILE]** By transmitting a true and correct copy of the document described above by facsimile machine, number (213) 996-8378, to the person(s) stated above at the facsimile number(s) indicated. The transmission was reported as complete without any error by a transmission report issued by the facsimile machine upon which the said transmission was made immediately following the transmission. A true and correct copy of said transmission report is attached hereto.

[ ] **[BY OVERNIGHT EXPRESS]** By placing such sealed envelope(s) into the Overnight Express box located at 555 West Fifth Street, Suite 3100, Los Angeles, CA 90013.

[ ] **[BY HAND DELIVERY – FIRST LEGAL]** I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 1511 West Beverly Blvd., Los Angeles, CA 90026. I personally delivered a true and correct copy of the document described above in a sealed envelope(s) to the address stated above.

[X] **[STATE]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ] **[FEDERAL]** I declare that I am employed in the office of a member of the Bar of or permitted to practice before this Court at whose direction this service was made.

Executed on August 19, 2009, at Los Angeles, California.

Melanie Russell
(Type or print name)

*Melanie Russell*
(Signature)

Van Vleck
Turner & Zaller, LLP

**EXHIBIT E**

1  Christopher C. Hoffman, SBN 176334
   Megan C. Winter, Esq., SBN 241429
2  FISHER & PHILLIPS LLP
   4225 Executive Square, Suite 950
3  La Jolla, California 92037
   Telephone   (858) 597-9600
4  Facsimile    (858) 597-9601

5  Attorneys for Defendant
   TIME WARNER CABLE INC.

6

7

8                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **FOR THE COUNTY OF LOS ANGELES**

10

11  SUSAN J. PEABODY,                      **CASE NO.:  BC418972**

12                  Plaintiff,             *Assigned to: Honorable Judge Mary Ann Murphy*
                                           *Department 25*
13  vs.
                                           **DEFENDANT'S ANSWER TO**
14  TIME WARNER CABLE, INC.; and DOES      **PLAINTIFF'S COMPLAINT**
    1 through 100, inclusive,
15                                         _____
                    Defendants.           COMPLAINT FILED:   07/31/09
16                                         TRIAL DATE:        Not Set

17        Defendant Time Warner Cable, Inc. ("Defendant" or "Time Warner") hereby submits its

18  Answer to Plaintiff Susan J. Peabody's unverified Complaint ("Complaint"), as follows:

19                              **GENERAL DENIAL**

20        Defendant generally denies each and every allegation, paragraph and cause of action in

21  Plaintiff's unverified Complaint pursuant to California Code of Civil Procedure section

22  431.30(d).

23                           **AFFIRMATIVE DEFENSES**

24        Defendant hereby asserts the following defenses to the claims and allegations set forth

25  in Plaintiff's Complaint.

26                        FIRST AFFIRMATIVE DEFENSE

27        The Complaint, and each and every cause of action therein, fails to state a claim for

28  which relief can be granted.

---
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1

SECOND AFFIRMATIVE DEFENSE

2        Plaintiff has not suffered any damages as a result of any actions or omissions of

3  Defendant, and Plaintiff is therefore barred from asserting any cause of action against

4  Defendant.

5

THIRD AFFIRMATIVE DEFENSE

6        The Complaint, and each and every cause of action therein, is barred, in whole or in

7  part, by the applicable statutes of limitation, including, but not limited to, Code of Civil

8  Procedure §§ 337, 338(a) and 340; Labor Code § 203; and Business and Professions Code

9  § 17208.

10

FOURTH AFFIRMATIVE DEFENSE

11        Plaintiff's claims are barred in whole or in part pursuant to Cal. Labor Code § 1171

12  because Plaintiff was an outside sales person.

13

FIFTH AFFIRMATIVE DEFENSE

14        At all times relevant, Defendant acted in good faith, with honesty of purpose and

15  without any improper motive, purpose or means, and without any hatred, ill will, malice, or

16  intent to injure.

17

SIXTH AFFIRMATIVE DEFENSE

18        Plaintiff has failed, refused and/or neglected to mitigate or avoid the damages complained

19  of in the Complaint, if any.

20

SEVENTH AFFIRMATIVE DEFENSE

21        Each purported cause of action in the Complaint, or some of the causes of action, are

22  barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

23

EIGHTH AFFIRMATIVE DEFENSE

24        Plaintiff consented to, encouraged or voluntarily participated in all actions taken, if any.

25

NINTH AFFIRMATIVE DEFENSE

26        The Complaint fails to state a claim for penalties properly under California Labor Code

27  § 203 or otherwise because there is a bona fide, good faith dispute with respect to Defendant's

28  obligation to pay any wages that may be found to be due.

2

1

TENTH AFFIRMATIVE DEFENSE

2        Assuming, *arguendo,* that Plaintiff is entitled to additional compensation, Defendant has

3  not willfully or intentionally failed to pay any such additional compensation to Plaintiff to justify

4  any awards of penalties or fees.

5

ELEVENTH AFFIRMATIVE DEFENSE

6        Plaintiff was paid all wages due her on a timely basis.

7

TWELFTH AFFIRMATIVE DEFENSE

8        Plaintiff's allegations arising from the Labor Code lack merit to the extent that Plaintiff

9  was paid all wages within the time periods established by law or Defendant otherwise complied

10  with such statutory requirements.

11

THIRTEENTH AFFIRMATIVE DEFENSE

12        Plaintiff's claims for waiting time penalties pursuant to Labor Code section 203 are

13  barred because Defendant did not willfully withhold wages over which there was no good faith

14  dispute and in fact, acted at all times with the good faith belief that Plaintiff was compensated

15  as required by law.

16

FOURTEENTH AFFIRMATIVE DEFENSE

17        Plaintiff's claims are subject to set off and recoupment.

18

FIFTEENTH AFFIRMATIVE DEFENSE

19        Defendant is informed and believes and based on that information and belief alleges that

20  any finding of liability pursuant to Business and Professions Code section 17200, *et seq*., would

21  violate the Due Process and Equal Protection Clauses of the United States and California

22  Constitutions because the standards of liability under those statutes are unduly vague and

23  subjective.

24

SIXTEENTH AFFIRMATIVE DEFENSE

25        Plaintiff is not entitled to injunctive relief pursuant to Business and Professions Code

26  section 17200 *et seq*., because Plaintiff has not suffered irreparable injury and has an adequate

27  remedy at law in that Plaintiff also requests monetary damages, interest and an award of

28  attorneys' fees and costs.

3

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1

SEVENTEENTH AFFIRMATIVE DEFENSE

2

Defendant's business actions or practices were not unfair, unlawful, fraudulent or

3

deceptive within the meaning of California Business and Professions Code § 17200, *et seq.*

4

EIGHTEENTH AFFIRMATIVE DEFENSE

5

Plaintiff is barred from obtaining relief pursuant to her alleged violation of California

6

Business and Professions Code § 17200, *et seq.,* because California law does not permit

7

representative actions where liability can only be determined through fact-intensive

8

individualized assessments of alleged wage and hour violations.

9

NINETEENTH AFFIRMATIVE DEFENSE

10

Plaintiff lacks standing to bring her claim as to all or a portion of the claims alleged in

11

the Complaint.

12

TWENTIETH AFFIRMATIVE DEFENSE

13

The prayer for restitution, declaratory relief, and injunctive relief is barred with respect to

14

any and all alleged violations of California Business and Professions Code § 17200, *et seq.,* that

15

have discontinued, ceased and are not likely to recur.

16

TWENTY-FIRST AFFIRMATIVE DEFENSE

17

The Complaint fails to properly state a claim for attorney's fees under California Code of

18

Civil Procedure § 1021.5, California Labor Code §§ 218, 218.5, 218.6, 226, 1194, or 1194.2;

19

California Business and Professions Code § 17200, *et seq.,* or any other basis.

20

TWENTY-SECOND AFFIRMATIVE DEFENSE

21

Plaintiff is not entitled to equitable relief insofar as she has adequate remedies at law.

22

TWENTY-THIRD AFFIRMATIVE DEFENSE

23

The Complaint fails to properly state a claim upon which prejudgment interest may be

24

awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment

25

interest.

26

TWENTY-FOURTH AFFIRMATIVE DEFENSE

27

Plaintiff's action is or may be barred and/or relief is or may be limited due to after-

28

acquired evidence of Plaintiff's employment-related misconduct.

4

1                        TWENTY-FIFTH AFFIRMATIVE DEFENSE

2          Plaintiff is barred from recovering for alleged violations of the Labor Code to the extent

3 that she failed to act in accordance with the reasonable expectations of Defendant, which were

4 made clear by Defendant in meetings and instructions provided by Defendant on multiple

5 occasions.

6                        TWENTY-SIXTH AFFIRMATIVE DEFENSE

7          Plaintiff's claims are barred in whole or in part as her claims fall within the coverage of

8 Section 3(D) of the Industrial Welfare Commission Order No. 4-2001.

9                   TWENTY-SEVENTH AFFIRMATIVE DEFENSE

10          Plaintiff's class allegations are barred as a matter of law because Plaintiff cannot satisfy

11 the prerequisites for class certification as required by Code of Civil Procedure section 382 and

12 other applicable current legal standards.

13                    TWENTY-EIGHTH AFFIRMATIVE DEFENSE

14          The class allegations set forth in the Complaint are barred as a matter of law because the

15 named Plaintiff lacks standing to sue on behalf of herself, the putative class, and/or the general

16 public, and thus, cannot represent the interests of the putative class members as to each

17 purported cause of action in the Complaint.

18                     TWENTY-NINTH AFFIRMATIVE DEFENSE

19          The allegations set forth by the named Plaintiff on behalf of herself and the alleged

20 class, the existence of which is expressly denied, involve matters for which individual questions

21 predominate and therefore, are not appropriate claims for class treatment pursuant to Code of

22 Civil Procedure section 382 and other applicable current legal standards.

23                      THIRTIETH AFFIRMATIVE DEFENSE

24          The class of persons that the named Plaintiff purports to represent, the existence of

25 which is expressly denied, is not so numerous that joinder is impracticable and therefore, fails

26 to meet the prerequisites for class certification as required by Code of Civil Procedure section

27 382 and other applicable current legal standards.

28 ///

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1

<u>THIRTY-FIRST AFFIRMATIVE DEFENSE</u>

2

The claims alleged by the named Plaintiff are neither common to nor typical of those, if

3

any, of the alleged class, which Plaintiff purports to represent, the existence of which is

4

expressly denied.

5

WHEREFORE, Defendant prays for judgment as follows:

6

1.      That Plaintiff take nothing from Defendant by reason of her Complaint and that

7

judgment be rendered in favor of Defendant;

8

2.      That Defendant be awarded its costs of suit and attorneys' fees incurred in

9

defense of this action; and

10

3.      For such other and further relief as this Court may deem just and proper.

11

12

FISHER & PHILLIPS LLP

13

14

DATED: September 3, 2009            By: _____

15

CHRISTOPHER C. HOFFMAN

MEGAN C. WINTER

16

Attorneys for Defendant

TIME WARNER CABLE INC.

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**
(C.C.P. § 1013(a) and § 2015.5)

STATE OF CALIFORNIA )
                     )
COUNTY OF SAN DIEGO  )

I am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to the within action. I am employed with the law office of Fisher & Phillips LLP and my business address is 4225 Executive Square, Suite 950, La Jolla, California 92037.

On September 3, 2009, I caused the within document(s) entitled: **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served on all interested parties in this action by placing a true copy thereof, in a sealed envelope addressed as follows:

Brian F. Van Vleck
Daniel J. Turner
VAN VLECK TURNER & ZALLER LLP
555 West Fifth Street, 31st Floor
Los Angeles, CA 90013
213.996.8445 telephone
213.996.8378 fax

[X]  **MAIL** – I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at La Jolla, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[ ]  **FEDERAL EXPRESS** – I served a true and correct copy enclosed in a sealed envelope, for collection and mailing with Federal Overnight Mail that same day in the ordinary course of business, as addressed above.

[X]  **STATE** – I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 2, 2009, at San Diego, California.

Ashley Kile

PROOF OF SERVICE

**EXHIBIT F**

1  Christopher C. Hoffman, SBN 176334
   Megan C. Winter, Esq., SBN 241429
2  FISHER & PHILLIPS LLP
   4225 Executive Square, Suite 950
3  La Jolla, California 92037
   Telephone   (858) 597-9600
4  Facsimile   (858) 597-9601

5  Attorneys for Defendant
   TIME WARNER CABLE INC.

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF LOS ANGELES**

10

11  SUSAN J. PEABODY,                    **CASE NO.:  BC418972**
                                         *Assigned to: The Honorable Mary Ann Murphy*
                  Plaintiff,             *Department 25*

12

13  vs.

14  TIME WARNER CABLE, INC.; and DOES    **DEFENDANT'S NOTICE OF**
    1 through 100, inclusive,            **REMOVAL TO FEDERAL COURT**

15              Defendants.

16                                       COMPLAINT FILED:     07/31/09
                                         TRIAL DATE:          Not Set

17

18

19

20

21        TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

22  FOR THE COUNTY OF LOS ANGELES:

23        PLEASE TAKE NOTICE THAT on September 4, 2009, Defendant TIME WARNER

24  CABLE INC. filed a Notice of Removal of this action from Superior Court of California,

25  County of Los Angeles, to the United States District Court for the Central District of California.

26  A true and correct copy of said Notice of Removal is attached hereto as Exhibit "A."

27        ///

28        ///

---
DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

1      Pursuant to 28 U.S.C. § 1446, the filing of the aforesaid Notice of Removal in the

2  District Court, together with the filing of this Notice with this Court, effects the removal of this

3  action, and this Court may proceed no further unless and until the case is remanded.

4

5                                      FISHER & PHILLIPS LLP

6  DATED: September _4_, 2009        By: _____

7                                          CHRISTOPHER C. HOFFMAN
                                            MEGAN C. WINTER
8                                           Attorneys for Defendant
                                            TIME WARNER CABLE INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

622069.1

1

**PROOF OF SERVICE**
(C.C.P. § 1013(a) and § 2015.5)

2

STATE OF CALIFORNIA   )
                       )
3

COUNTY OF SAN DIEGO  )

4

5        I am employed in the County of San Diego, State of California.  I am over the age of eighteen years and not a party to the within action.  I am employed with the law office of Fisher & Phillips LLP and my business address is 4225 Executive Square, Suite 950, La Jolla, California 92037.

6

7    On September 4, 2009, I caused the within document(s) entitled:  **DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT** to be served on all interested parties in this action by placing a true copy thereof, in a sealed envelope addressed as follows:

8

9        Brian F. Van Vleck
         Daniel J. Turner
10       VAN VLECK TURNER & ZALLER LLP
         555 West Fifth Street, 31st Floor
11       Los Angeles, CA  90013
         213.996.8445 telephone
12       213.996.8378 fax

13

14   [X]   **MAIL** – I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at La Jolla, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

15

16

17

18   [ ]   **FEDERAL EXPRESS** – I served a true and correct copy enclosed in a sealed envelope, for collection and mailing with Federal Overnight Mail that same day in the ordinary course of business, as addressed above.

19

20   [ ]   **STATE** – I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21

Executed on September 4, 2009, at La Jolla, California.

22

23

24       Marcie Hawkins

25

26

27

28

PROOF OF SERVICE

**EXHIBIT G**

1  Christopher C. Hoffman, SBN 176334
   Megan C. Winter, Esq., SBN 241429
2  FISHER & PHILLIPS LLP
   4225 Executive Square, Suite 950
3  La Jolla, California 92037
   Telephone  (858) 597-9600
4  Facsimile  (858) 597-9601

5  Attorneys for Defendant
   TIME WARNER CABLE, INC.
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11 SUSAN J. PEABODY,                    CASE NO.: BC418972
                                        *Assigned to: The Honorable Mary Ann Murphy
                    Plaintiff,          Department 25*
12
   vs.
13
   TIME WARNER CABLE, INC.; and DOES    **DEFENDANT'S NOTICE TO ADVERSE
14 1 through 100, inclusive,            PARTY OF REMOVAL TO FEDERAL
                                        COURT**
15                  Defendants.
                                        COMPLAINT FILED:    07/31/09
16                                      TRIAL DATE:         Not Set

17

18        TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

19        PLEASE TAKE NOTICE THAT on September 4, 2009, Defendant TIME WARNER

20 CABLE INC. filed a Notice of Removal of this action from Superior Court of California,

21 County of Los Angeles, to the United States District Court for the Central District of California.

22 A true and correct copy of said Notice of Removal is attached hereto as Exhibit "A."

23

24                                      FISHER & PHILLIPS LLP

25

26 DATED:  September  4 , 2009      By: _____
                                        CHRISTOPHER C. HOFFMAN
27                                      MEGAN C. WINTER
                                        Attorneys for Defendant
28                                      TIME WARNER CABLE INC.

_____
         DEFENDANT'S NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

## PROOF OF SERVICE
(C.C.P. § 1013(a) and § 2015.5)

STATE OF CALIFORNIA  )
                            )
COUNTY OF SAN DIEGO  )

      I am employed in the County of San Diego, State of California.  I am over the age of eighteen years and not a party to the within action.  I am employed with the law office of Fisher & Phillips LLP and my business address is 4225 Executive Square, Suite 950, La Jolla, California 92037.

      On September 4, 2009, I caused the within document(s) entitled:  **DEFENDANT'S NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** to be served on all interested parties in this action by placing a true copy thereof, in a sealed envelope addressed as follows:

      Brian F. Van Vleck
      Daniel J. Turner
      VAN VLECK TURNER & ZALLER LLP
      555 West Fifth Street, 31st Floor
      Los Angeles, CA  90013
      213.996.8445 telephone
      213.996.8378 fax

[ X ]   **MAIL** – I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at La Jolla, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[ ]    **FEDERAL EXPRESS** – I served a true and correct copy enclosed in a sealed envelope, for collection and mailing with Federal Overnight Mail that same day in the ordinary course of business, as addressed above.

[ ]    **STATE** – I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 4, 2009, at La Jolla, California.

Marcie Hawkins

---

PROOF OF SERVICE

## PROOF OF SERVICE BY MAIL

I am employed in San Diego County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 4225 Executive Square, Suite 950, La Jolla, California 92037.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  On September 4, 2009, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

NOTICE OF REMOVAL

in a sealed envelope, postage fully paid, addressed as follows:

Brian F. Van Vleck
Daniel J. Turner
VAN VLECK TURNER & ZALLER LLP
555 West Fifth Street, 31st Floor
Los Angeles, CA  90013
213.996.8445 telephone
213.996.8378 fax

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 4, 2009, at La Jolla, California.

MARCIE HAWKINS

NOTICE OF REMOVAL TO FEDERAL COURT

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

FILED BY FAX

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Susan J. Peabody | Time Warner Cable Inc. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Van Vleck Turner & Zaller LLP<br>555 West Fifth Street, 31st Floor<br>Los Angeles, CA 90013  Telephone: (213) 996-8445 | Fisher & Phillips LLP<br>4225 Executive Square, Suite 950<br>La Jolla, CA 92037<br>Telephone (858) 597-9600 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ unspecified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332(d), 1441 and 1446

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number:   **CV09-6485**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                 CIVIL COVER SHEET                 Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☐ No  ☑ Yes
If yes, list case number(s):  Case No. 8:09-cv-00048-AG-RNB; Case No. CV09-2438 AG (RNBx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☑ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____     Date September 4, 2009

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Paul L. Abrams.

The case number on all documents filed with the Court should read as follows:

### CV09- 6485 DDP (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.