Brian F. Van Vleck, State Bar No. 155250
bvanvleck@vtzlaw.com
Daniel J. Turner, State Bar No. 207654
dturner@vtzlaw.com
VAN VLECK TURNER & ZALLER LLP
555 West Fifth Street
31st Floor
Los Angeles, California 90013
Telephone: (213) 996-8445
Facsimile: (213) 996-8378

Attorneys for Named Plaintiff
SUSAN J. PEABODY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN J. PEABODY,<br><br>  Plaintiff,<br>vs.<br><br>TIME WARNER CABLE, INC.; DOES 1 through 100, inclusive,<br><br>  Defendants. | CASE NO: CV 09-6485-AG (RNBx)<br><br>**CLASS ACTION**<br><br>**NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEAL FOR THE NINTH CIRCUIT** |

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL
2  DEFENDANTS AND THEIR ATTORNEYS OF RECORD:
3      PLEASE TAKE NOTICE that Plaintiff, Susan J. Peabody hereby appeals to
4  the United States Court of Appeal for the Ninth Circuit from the Judgment entered
5  November 10, 2010 and attached hereto as Exhibit A, and all interlocutory orders
6  and rulings that gave rise to that judgment, including but not limited to the November
7  1, 2010 ruling and minute order attached hereto respectively as Exhibits A-B.

10  Dated: November 29, 2010     VAN VLECK TURNER & ZALLER, LLP
    Brian F. Van Vleck
11      Daniel J. Turner

By: _____
    Brian F. Van Vleck
Attorneys for Plaintiff, Susan J. Peabody

# EXHIBIT A

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| SUSAN J. PEABODY, | CASE NO.: CV 09-6485-AG (RNBx) |
|---|---|
| Plaintiff, | **CLASS ACTION** |
| vs. | |
| TIME WARNER CABLE, INC.; and DOES 1 through 100, inclusive, | **JUDGMENT** |
| Defendants. | |

This action came on for hearing before the Court on November 1, 2010, the Honorable Andrew J. Guilford, District Judge, presiding, on the motion of Defendant Time Warner Cable Inc. ("Defendant") for summary judgment.

The evidence presented having been fully considered, the issues having been heard and a decision having been rendered granting the motion, IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff Susan J. Peabody ("Plaintiff") take

1  nothing, that judgment on the merits is hereby entered in favor of Defendant and
2  against Plaintiff, and that Plaintiff's Complaint is dismissed with prejudice for the
3  reasons set forth in the Court's Order Granting Defendant's Motion for Summary
4  Judgment (Docket Entry No. 35).

6  This <u>9th</u> day of November, 2010.

_____
Hon. Andrew J. Guilford
United States District Judge

1 | Respectfully submitted,

2

3 | DATED: November 3, 2010                    WARGO & FRENCH LLP

4

5 |                                            By_____/s/   J. Scott Carr_____
                                               Michael D. Kabat
6 |                                                  *Pro Hac Vice*
                                               Joseph W. Ozmer
7 |                                                  *Pro Hac Vice*
                                               J. Scott Carr
8 |                                             Attorneys for Defendant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

JS - 6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN J. PEABODY,<br><br>        Plaintiff,<br><br>   v.<br><br>TIME WARNER CABLE, INC., et al.,<br><br>        Defendants. | CASE NO. CV 09-6485 AG (RNBx)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

    Plaintiff Susan J. Peabody ("Plaintiff") earned over $70,000 during her employment of less than a year with Defendant Time Warner Cable, Inc. ("Defendant"). Nonetheless, Plaintiff brought a lawsuit alleging, among other claims, minimum wage violations and overtime violations. Defendant filed a Motion for Summary Judgment ("Motion"). After considering all papers – Motion, opposition, reply, sur-reply, and response to sur-reply, along with accompanying exhibits – and arguments submitted, the Court GRANTS the Motion.

## BACKGROUND

This section offers a brief overview of the facts of the case. More detailed analysis is provided in the analysis section below. As it must for this Motion, the Court views the evidence in the light most favorable to Plaintiff, the non-moving party.

Plaintiff worked as an account executive in Time Warner Entertainment's ("TWE") Media Sales Department. (Defendant's Statement of Uncontroverted Facts ("SUMF") at 2.) She worked for TWE from July 2008 until May 2009. (SUMF at 2, 62.) Plaintiff's primary responsibility was selling advertising time. (SUMF at 5.) Plaintiff was compensated by a combination of a base salary of $20,000 and commissions earned based on revenue generated by her sales. (SUMF at 9, 10.) TWE paid Plaintiff a total of $74,464.75, which included $57,134.43 in commissions. (SUMF at 59.)

Plaintiff sued Defendant asserting claims for failure to pay earned commissions, failure to pay minimum wage, failure to pay earned overtime, penalties for late payment of wages, and penalties for issuance of defective wage statements. (Motion at 1:24-2:4.)

## LEGAL STANDARD

Summary judgment is appropriate only where the record, read in the light most favorable to the non-moving party, indicates that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Material facts are those necessary to the proof or defense of a claim, as determined by reference to substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If, and only if, the moving party meets its burden, then the non-moving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. *Id.* at 322-23. If the non-moving party meets this burden, then the motion will be denied. *Nissan Fire & Marine Ins. Co. v. Fritz Co., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

## ANALYSIS

The Court considers each of Plaintiff's claims in turn. Because Plaintiff did not controvert any of Defendant's facts from its SUMF, those facts are admitted to exist without controversy. Local Rule 56-3.

### 1. PLAINTIFF'S CLAIM FOR FAILURE TO PAY EARNED COMMISSIONS

Plaintiff was compensated by a combination of salary and commissions. (SUMF at 9.) Her commission earnings were calculated in accordance with, initially, the Time Warner Cable Media Sales Account Executive Individual Compensation Plan ("2008 Plan") and then, in early 2009, the Media Sales 2009 Account Executive Compensation Plan ("2009 Plan"). (SUMF at 6, 24.) Under the 2008 Plan, Plaintiff had a target sales quota and could earn varying commission rates depending on what percentage of the quota she achieved. (SUMF at 10-12.) Under the 2009 Plan, Plaintiff had a higher sales quota than under the 2008 Plan, the commission rates were fixed regardless of what percentage of the quota she achieved, and Plaintiff was eligible for a quarterly bonus. (SUMF at 25.) Under the 2008 Plan, Defendant had the right to change the commission payment structure at any time. (SUMF at 13.)

Under both the 2008 Plan and the 2009 Plan, "an account executive [such as Plaintiff] earned a commission only upon the occurrence of three events: (1) procurement of the order; (2)

3

broadcast of the advertising; and (3) collection of the revenue from the client." (Motion at 5:11-14; SUMF at 34)

Plaintiff argues that she should have been paid under the 2008 Plan for certain advertising she sold before March 2009 that aired after March 2009. (SUMF at 67.) Defendant argues that commissions are only earned on advertising once it airs, so the air date determines whether the 2008 Plan or the 2009 Plan controls. (Motion at 16:23-28.)

It is undisputed that Plaintiff sold advertising in January and February 2009 and that some of that advertising was not aired until after March 2009, when the 2009 Plan went into effect. (SUMF at 67.) It is also undisputed that Plaintiff was paid commissions for that advertising. (SUMF at 54, 55.) Therefore, the only issue is a question of contract law: whether Plaintiff should have been paid instead under the 2009 Plan for advertising that she booked before March 2009 and that aired after March 2009.

Defendant correctly argues that Plaintiff's commissions were not "earned" until after the advertising aired because if the advertising were not aired, then Plaintiff would not earn a commission for it. (SUMF at 47.) Therefore, Defendant could not calculate commissions until after the air date for the advertising. Plaintiff's argument that the commission reductions were retroactive fails because the commissions at issue were determined only after the advertising aired. The 2009 Plan did not change the payment of any commissions that Plaintiff was owed. Rather, it only changed the percentage rates for prospective commissions. Plaintiff was paid under the 2008 Plan for any advertising that aired before the 2009 Plan went into effect. (Marquez Decl. ¶ 12h.) Plaintiff does not dispute that the advertising at issue aired after the 2009 Plan became effective. Because the advertising aired after the 2009 Plan became effective, the commissions at issue were properly paid under the 2009 Plan.

Therefore, Defendant's Motion for Summary Judgment is GRANTED for this claim.

## 2. PLAINTIFF'S CLAIM FOR FAILURE TO PAY OVERTIME

Plaintiff was a salaried employee, not an hourly employee. (SUMF at 9, 26.) Although Plaintiff states that she was "paid an hourly rate of $9.61," (Plaintiff's Statement of Genuine Issues ("SGI") 3), Plaintiff's base compensation was actually an annual salary of $20,000. (SUMF at 26.) Plaintiff ignores the distinction between an hourly wage and a salary, and she ignores the tens of thousands of dollars she earned from commission payments. (SGI 3, 5, 35.) Plaintiff earned monthly commissions that ranged from $2,041.33 (SUMF at 51) to $11,749.63 (SUMF at 55.) Her salary payment equaled $384.62 per week. (SUMF at 61.)

Under Section 3(D) of IWC Wage Order 4-2001, a person is exempt from overtime wages if her earnings exceed one and a half times the minimum wage and if more than half her compensation represents commissions. In *Keyes Motors, Inc. v. Division of Labor Standards Enforcement*, 197 Cal. App. 3d 557 (1987), the California Court of Appeal analyzed the definition of "commissions" under a similar wage order with an identical commissions exemption from overtime requirements. For payment to qualify as commissions, first, the employee must be involved principally in selling a product or service, and second, the amount of compensation must be a percentage of the price of the product or service. *Id.* at 563. The Court applies the *Keyes* definition of commission wages here.

Defendant has calculated and shown that more than half of Plaintiff's compensation came from commissions. (Motion at 13:21-14:12.) Plaintiff misleadingly contends that she did not receive commissions during certain pay periods. (SIG at 6.) Because Plaintiff earned commissions every four or five weeks (depending on the monthly broadcast calendar), Defendant was correct not to calculate Plaintiff's earnings on a bi-weekly basis. Plaintiff's commission earnings are properly characterized as commissions under the *Keyes* standard because she sold advertising and she was paid based on a percentage of revenue generated from that sale. (SUMF at 4, 10. *See also*, SUMF at 10 ("TWE paid commissions to Plaintiff. . . .").)

Plaintiff's earnings regularly exceeded one and a half times the minimum wage. Considering Plaintiff earned *thousands* of dollars every month, this is not surprising. Defendant

5

has calculated and shown that Plaintiff's weekly income was greater than one and a half times the minimum wage. (Motion at 11:19-13:12.)

Therefore, Defendant's Motion for Summary Judgment is GRANTED as to this claim.

### 3. PLAINTIFF'S CLAIM FOR FAILURE TO PAY MINIMUM WAGE

As discussed above, Plaintiff's compensation regularly exceeded one and a half times the California minimum wage. Thus, Plaintiff's compensation necessarily exceeded the California minimum wage. It is wrong for Plaintiff to make a claim for minimum wage violations when she earned over $70,000 in the ten months she worked for Defendant. Plaintiff argues in her Plaitniff [sic] Susan J. Peabody's Opposition to Defendant's Moiton [sic] For Summary Judgment ("Opposition") that "she was compensated at an hourly rate of $9.61 for just 40 hours per week [and] therefore received no compensation for at least five hours per week," arguing that she worked at least 45 hours per week. (Opposition at 7:11-13, emphasis in original). This is patently false. Plaintiff cannot ignore her commission payments – once in excess of $10,000 in a single month (SUMF at 55) – and ignore the fact that she was a salaried employee, not an hourly employee, and then claim that she received "no" compensation for certain hours worked.

Therefore, Defendant's Motion for Summary Judgment is GRANTED as to this claim.

### 4. PLAINTIFF'S CLAIM FOR PENALTIES FOR LATE PAYMENT OF WAGES

Plaintiff originally alleged that she should have been paid all outstanding wages on the day she resigned. Defendant argues that it paid all owed commissions to Plaintiff when they became ascertainable. (Motion at 17:12-13.) Plaintiff was paid commissions in May 2009 (for advertising aired in April 2009) and in June 2009 (for advertising aired in May 2009). (SUMF at 57, 58.) The May and June payments could have been subject to chargebacks for the February and March 2009 commissions previously paid to Plaintiff, if those advertising customers failed to pay their invoices on time. (Motion at 17:23-26.) The exact amount of commissions owed in

May and June could be determined only after the chargeback period expired. (SUMF at 72.) Because Defendant paid the final commissions once they were ascertainable – and to the benefit of Plaintiff, since Defendant did not wait for potential chargebacks of the May and June 2009 commissions – Defendant is not liable for waiting time penalties.

Plaintiff now argues that Defendant "has yet to pay" minimum wages, overtime, and commissions earned by Plaintiff during her employment. (Opposition at 25:10-11.) As discussed previously, Defendant does not owe Plaintiff any payments based on minimum wage, overtime, or unpaid earned commissions.

Defendant's Motion for Summary Judgment is GRANTED as to this claim.

### 5.   PLAINTIFF'S CLAIM FOR PENALTIES FOR ISSUANCE OF DEFECTIVE WAGE STATEMENTS

Plaintiff argues that her wage statements were defective under California Labor Code § 226 because they failed to list her hours worked and the name of her employer. (Opposition at 23:6-13.)

There is no genuine issue of fact regarding the wage statements. Under § 226(a), Defendant did not need to list hours worked by Plaintiff because she was a salaried employee and she was exempt from overtime pay. And Plaintiff's online wage statements identified Time Warner Entertainment as her employer. (Marquez Decl., Ex. A., Dkt. #24-3.)

Defendant's Motion for Summary Judgment is GRANTED as to this claim.

7

**DISPOSITION**

Defendant's Motion for Summary Judgment is GRANTED in its entirety. Defendant shall promptly submit a proposed judgment

IT IS SO ORDERED.

DATED: November 1, 2010

_____
Andrew J. Guilford
United States District Judge

**EXHIBIT C**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 09-6485-AG(RNBx) | Date | November 1, 2010 |
| Title | Susan J. Peabody v. Time Warner Cable, Inc., et al | | |

| | |
|---|---|
| Present: The Honorable | ANDREW J. GUILFORD, U.S. District Judge |

| | |
|---|---|
| Dwayne Roberts | Denise Paddock |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Brian Van Vleck | J. Scott Carr |

**Proceedings:** DEFENDANT TIME WARNER CABLE INC.'S MOTION FOR SUMMARY JUDGMENT

Cause is called for hearing and counsel make their appearances. Counsel argue the tentative ruling. The motion is GRANTED. A separate order granting the motion for summary judgment to issue this date. Counsel for defendant to prepare and submit proposed order for signature.

                                      :  15

                        Initials of Preparer   dr